FILED

JUN X 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 14-mj-70771 Mag. |
|---|---|
| Plaintiff, | |
| v. | **ORDER UNSEALING CASE; and GRANTING GOVERNMENT'S MOTION TO SEAL EX. B TO COMPLAINT AND AMENDED COMPLAINT** |
| RYAN KELLY CHAMBERLAIN, II, | |
| Defendant. | |

There is a presumed right of public access to "criminal proceedings and documents filed therein." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985). The right of access is rooted in the First Amendment and in common law. *Id.* Still, a district court may seal a document in a criminal proceeding in limited circumstances. *United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). In making a sealing determination, the court must weigh "the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978).

In this case, the parties agree that the case should be unsealed and that attachment A to the criminal complaint and amended criminal complaint should be unsealed. Attachment A is a search warrant application and order that were incorporated into the complaint application.

Case No. 14-mj-70771 Mag.

The parties also agree that attachment B to the criminal complaint and amended criminal complaint should remain under seal. It is an x-ray image of an alleged destructive device. The image is described in narrative form in the complaint and it has been disclosed to the defense. The government asserts, with support by declaration of an FBI agent with knowledge, that publication of the image could assist other persons in manufacturing destructive devices. The court finds that these concerns present a compelling reason to keep attachment B under seal. Furthermore, the defense is limited in its distribution of attachment B to attorneys, staff and investigators defending the case, absent further court order.

In sum, given the presumption of public access, the court orders as follows:

1. This case is unsealed, with the exception of attachment B to the complaint and amended complaint, which must remain under seal.

2. Attachment A to the complaint and amended complaint is unsealed.

3. This order does not apply to the search warrants executed June 5, 2014.

The public is reminded that Mr. Chamberlain, like all persons charged with criminal offenses, is presumed innocent and has a right to remain silent. The information disclosed in the attachments to the complaint includes matters that Mr. Chamberlain has not been charged with, has not been convicted of, and may yet challenge in court.

IT IS SO ORDERED.

DATED: June 6, 2014

NATHANAEL M. COUSINS
United States Magistrate Judge