UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RYAN KELLY CHAMBERLAIN, II,<br>　　　　Defendant. | Case No. 14-CR-00316 VC (NC)<br><br>**DETENTION ORDER** |

In accordance with the Bail Reform Act, the Court held detention hearings for defendant Ryan Kelly Chamberlain II to determine whether any condition or combination of conditions will "reasonably assure" the appearance of the defendant as required and the "safety of any other person and the community." 18 U.S.C. § 3142(f). This order sets forth the findings of fact and the reasons for detention. 18 U.S.C. § 3142(i).

**I.   Charge**

Chamberlain initially was charged and arrested upon a criminal complaint supported by an affidavit by an investigating FBI agent. Dkt. No. 1. He made his initial appearance in this Court on June 3, 2014. On June 12, 2014, a grand jury in the Northern District of California charged Chamberlain by indictment. Dkt. No. 19. Chamberlain is charged with two substantive counts: possession of an unregistered firearm (26 U.S.C. § 5861(d)), and possession of a firearm with serial number removed (18 U.S.C. § 922(k)).

Chamberlain is presumed innocent and has entered a not guilty plea to all charges. Dkt. No. 20.

## II.     Detention Hearings

The government moved to detain Chamberlain upon his first appearance. Dkt. No. 8. Detention hearings were held publicly on June 6, 16, 19, and 30, 2014, before the undersigned duty magistrate judge. At each appearance, defendant Chamberlain was present, represented by his attorney Assistant Federal Public Defender Jodi Linker. The United States was represented by Assistant U.S. Attorney Phil Kearney. The parties and the Court received information from the Pretrial Services Office in a report prepared June 5, 2014, and at the detention hearings.

The Court received mental health evaluations of the defendant from Dr. Pablo Stewart and Dr. John Chamberlain (no relation to the defendant). The evaluation by Dr. Chamberlain was not disclosed to the government, over government objection. The Court and defense also received on June 30, without government counsel present, information from the U.S. Marshals Service about the mental health treatment of the defendant while in custody.

As required by 18 U.S.C. § 3142(f), at the hearings Chamberlain was advised of his right to testify, to present witnesses, to cross-examine witnesses, and to present information "by proffer or otherwise." The rules of evidence in criminal trials do not apply. 18 U.S.C. § 3142(f). Both parties also were advised of their right to appeal this detention order to the District Court.

Chamberlain presented information by proffer through his counsel. The government presented information by the criminal complaint affidavit and by way of proffer through its counsel at the hearing. The Court considered all the information presented.

Finally, the Court acknowledges that the government executed a search warrant seeking evidence of additional crimes. Its investigation continues. The Court does not base this order on speculation about what that investigation may or may not reveal.

Case No. 14-CR-00316 VC (NC)
DETENTION ORDER

### III. Legal Standard

In considering pretrial release or detention, the Court evaluates two basic questions. First, are there conditions of release that will "reasonably assure the appearance" of the defendant at future court dates? Second, are there conditions of release that will reasonably assure the "safety of any other person and the community"? 18 U.S.C. § 3142(g).

Detention is appropriate if one, or both, of these questions is answered in the negative. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The government need not prove both.

A finding that a defendant is a danger to the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f). A finding of risk of non-appearance must be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

As set forth by the bail statute, the Court must take into account the available information concerning: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.   18 U.S.C. § 3142(g).

### IV. Applicable Presumptions

When a defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later, this establishes a rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(2).

In addition, if there is probable cause to believe that a defendant committed certain offenses identified in 18 U.S.C. § 3142(e)(3), a rebuttable presumption of detention is established.  This list includes offenses such as (1) crimes against children; (2) use of a

firearm during the commission of a felony; and (3) controlled substance offenses with a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3).

In this case, there is no presumption of detention applicable to Chamberlain. Dkt. No. 319 at 3. Accordingly, the Court weighs the evidence with no presumption in favor of detention.

## V.     Findings of Fact and Reasons for Detention

### A.     Defendant's History and Characteristics.

Chamberlain is 42 years old, born in the United States, and resides in San Francisco. His family, education, employment, and residential history are set forth at length in the Pretrial Services report. He had significant family support at the detention hearings, with extended family members traveling from Florida and Iowa to assist him.

Chamberlain's most recent steady employment, for a sports marketing agency, ended in May 2013.

Chamberlain's criminal record includes two misdemeanor convictions more than fifteen years ago that did not result in custody.

Chamberlain reported social recreational, and experimental use of multiple controlled substances. There is no record of past treatment for drug abuse.

Chamberlain's mental health was not professionally assessed before he was arrested. Since his arrest, he has been assessed by two mental health experts. Dr. Chamberlain has recommended further mental health assessment and treatment, whether in custody or out.

### B.     Nature and Circumstances of Charged Offense; Danger to Community

Chamberlain is charged with possessing two "firearms" as defined under federal law: a gun with its serial number removed, and a "destructive device." An image (under seal) and description of the destructive device are attached to the complaint. In sum, it is the alleged possession by Chamberlain of the destructive device that is most dangerous to the community. In laymen's term, the device was an operational improvised explosive device, with a remote-controlled receiver, packaged inside a glass jar. The device was found inside a messenger bag in Chamberlain's apartment. FBI bomb technicians opined

that the device was designed to maim or kill and contained four ounces of explosives, as well as ball bearings and screws for projectiles.

Not to put too fine a point on it, but the possession of a remote-controlled IED in a messenger bag in an urban setting is most certainly a danger to the community. Here, the government has not offered a theory as to Chamberlain's motive or intent in possessing the device. Regardless of the motive, possessing such a device is dangerous, and given Chamberlain's mental health status, the Court cannot reasonably assure the safety of the community if he is released.

C. Weight of the Evidence

The defense does not need to prove Chamberlain's innocence. Yet the evidence set forth in the complaint affidavit establishes by more than clear and convincing evidence the danger that would be created by Chamberlain's pretrial release.

D. Conclusion

At bottom, the government has established by more than clear and convincing evidence that no combination of conditions would reasonably assure the safety of the community if Chamberlain were released.

As to the risk of non-appearance, the Court agrees with Pretrial Services that should the defendant's mental health be treated and sufficient sureties identified, there are a combination of conditions, including electronic monitoring, that would reasonably assure his appearances in court. As the defense credibly argued, if Chamberlain had sought to flee, he would have done it before he was arrested.

///

Case No. 14-CR-00316 VC (NC)
DETENTION ORDER
5


## VI. Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

IT IS SO ORDERED.

Dated:   July 2, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge