STEVEN G. KALAR
Federal Public Defender
ELIZABETH M. FALK
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700
Telefacsimile: (415) 436-7706

Counsel for Defendant CHAMBERLAIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RYAN CHAMBERLAIN,<br><br>　　　　　Defendant. | No. CR-14-0316 VC<br><br>DEFENDANT'S MOTION IN OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE CONSTITUTING HEARSAY WITHOUT ANY RECOGNIZED HEARSAY EXCEPTION; OPPOSITION TO ADMISSION OF TESTIMONY OF "JK" FOR 404(b) PURPOSES<br><br>(RESP. TO DOCKET ENTRY 162)<br><br>Date:　February 1, 2016<br>Time:　1:30 p.m.<br>Court:　The Honorable Vince Chhabria |

## **MEMORANDUM OF POINTS AND AUTHORITIES**
### INTRODUCTION

　　Although the government's brief seeking admission of "evidence regarding defendant's pattern of dark web purchases" is lengthy, it omits the most important part of the issue - hearsay. Quite simply, the suggested evidence is a classic example of hearsay evidence, for which there is no recognizable exception.  Though the government claims that "they are not offering the

1  messages for the truth of the matter asserted" (See Gov. Mot. at 4:4-5), this claim is specious. It
2  is the truth of the content of the messages, and the contents themselves (reflecting that Mr.
3  Chamberlain is a buyer) that is the only aspect of the chart that gives it any arguable relevance.
4  Otherwise, the chart is simply a table of entries allegedly made on BMR at certain dates and
5  times, allegedly by unknown "sellers," which has no relevance to the charged conduct
6  whatsoever. This Court should accordingly deny the government's motion for admission of any
7  such evidence.
8      With respect to the testimony of "JK", the Court should also deny the government's
9  motion to admit. As explained below, Mr. Chamberlain is not contesting the fact that he bought
10 abrin on BMR. The government accordingly has no need to prove any pattern and/or practice on
11 his part to prove up that purchase. This cuts again admission of the evidence to prove identity,
12 knowledge, opportunity or intent as to the charged conduct. Moreover, there is nothing illegal
13 about purchasing nicotine, nor any evidence that this alleged purchase had anything to do with
14 the conduct Mr. Chamberlain is charged with. The proffered witness' testimony is far more
15 prejudicial than probative on the disputed issues in this case. The Court should accordingly deny
16 the government's motion to admit this evidence and testimony.

17                             **ARGUMENT**
18 **I.    THE BLACK MARKET RELOADED CHART SHOULD NOT BE ADMITTED**
19        **A.    The Document on Its Face Shows that the Evidence is Hearsay**
20 The government's brief completely misses the mark here. Regardless of any alleged
21 argument that the contested evidence constitutes "404(b)" evidence, or is "inextricably
22 intertwined," the problem for the government is the hearsay rule. As defined by Federal Rule of
23 Evidence 801©, hearsay is "a statement that (1) the declarant does not make while testifying at
24 the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter
25 asserted in the statement. Pursuant to FRE 801(a), a "statement" means "a person's oral
26 assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."
27       The objectionable document is classic hearsay - an out of court statement being presented
28

*US v. Chamberlain*, Case No. 14-0316 VC;
Def.'s Response to Government Motions *in Limine*                    2

1  to prove the truth of the matter asserted - that Mr. Chamberlain made certain purchases from
2  these vendors at certain dates and times.  It is a series of statements made by unknown persons
3  allegedly complimenting "estranged" on being a great "buyer", and having made a purchase and
4  paid promptly.  *See* Gov. Motion, Docket 162, Exhibit A. The statements column is essential to
5  the government's analysis; without that column, there is no indication that the listed entries have
6  anything to do with a purchase allegedly made by Mr. Chamberlain.  *Id.*  Without the attendant
7  statements, the chart is simply a list of entries made on an alleged account, allegedly belonging to
8  "estranged" that allegedly works like Ebay.  Such alleged entries – made by completely unknown
9  people, without authentication, are completely irrelevant and immaterial without the statements
10 attached to them.  *See* FRE 802 (hearsay is not admissible in court proceedings).

11        **B.        No Hearsay Exception Applies**

12         No non-hearsay argument or hearsay exception saves the government here.  The
13 purported statements claiming that Mr. Chamberlain is a buyer on or around certain dates and
14 times are not attributed to Mr. Chamberlain, so they are not admissible as party admissions.  *See*
15 FRE 801(d)(2).  It is certainly not a business record.  To the extent BMR is considered a defunct
16 "business" (and it isn't) there is no proposed testimony accompanying this document attributing
17 to the requirements of a business record – that it was made at or near the time by someone with
18 knowledge, that it was kept in the regular course of business, nor that the making of the record
19 was a regular practice.  *See* FRE 803(6).  Nor is any witness called by the government in a
20 position to testify as a custodian of records of BMR.  In contrast, these entries are apparently
21 made by completely unknown sellers of unknown items, who for unknown motives wrote things
22 on the alleged user page of alleged buyer "estranged."  No legitimate hearsay exception applies to
23 these transactions.

24        **C.        The Chart is Irrelevant**

25         To the extent that the government can find a hearsay exception to the chart (which is
26 unlikely) the 404(b) argument must fail.  There is simply no evidence whatsoever that Mr.
27 Chamberlain actually purchased anything in connection with these entries, much less that he
28

1   purchased anything that remotely resembles abrin.  The government cannot prove that these
2   purchases are even illegal.  In this vein, the government cannot claim that these alleged purchases
3   (if they even were purchases) somehow reflects any sort of "pattern" of nefarious behavior on
4   Mr. Chamberlain's part.   *See* Gov. Mot. At 5:18-24 (setting forth allegations about Mr.
5   Chamberlain's pattern of alleged "business activity" without having any idea what the alleged
6   pattern represents); see also Gov. Mot. at 6:20-21 ("The pattern of BMR transactions is relevant
7   to show the defendant's ability to acquire toxins on the "dark web.") This is inaccurate.  The
8   government actually has no idea what the alleged purchases are that are reflected in Exhibit A.
9   For all the government knows, even assuming that such "feedback" reflects "purchases," the
10  individual "estranged" could merely be buying baseball cards or poker chips.
11         The contested "feedback" chart simply does not purport to prove what the government
12  claims it does - a pattern of nefarious activity.  The chart should accordingly be excluded as
13  irrelevant, in addition to grounds that it is inadmissible hearsay.
14         **D.      The Government Cannot Authenticate the Chart** (FRE 901)
15         In Section II©, the government claims that it will "present testimony that such feedback
16  about buyers is common in BMR and typically corresponds with prior transactions on the
17  website." *See* Gov. Mot. at 4:2-4.  It is thus clear that the government will not present testimony
18  from the specific sellers allegedly identified in the chart, nor the owner or operator of BMR.  It is
19  thus unclear that the government has any witness who can testify that the chart depicted in
20  Exhibit A is the chart they claim - a compilation of seller feedback for "Estranged" on BMR.
21  Testimony that "feedback about buyers is common in BMR" and what "typically happens" on
22  BMR is not sufficient to authenticate the chart in question.  The government's motion does not
23  provide the Court with any indication about what witness it will sponsor to attempt to admit the
24  contested evidence, nor the basis for the witness' knowledge that the document is what it
25  purports to be.  For this additional reason, it should be excluded from trial.
26  **II.    THE COURT SHOULD EXCLUDE THE TESTIMONY OF "JK"**
27          Evidence of a defendant's other acts may not be admitted to show that a defendant has a
28

propensity to commit the charged offense. Fed. R. Evid. 404(b); *United States v. Bracy*, 67 F.3d 1421, 1433 (9th Cir. 1995). Such evidence may be admissible for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Where evidence relates to other acts of the defendant, a court must, as an initial matter, determine whether the evidence "is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988); Fed. R. Evid. 404(b),

For other-act evidence to be admissible, the Ninth Circuit requires that it (1) tend to prove a material point; (2) be not too remote in time; (3) be supported by evidence sufficient to support a finding that the defendant committed the other act; and (4) where knowledge and intent are at issue, be similar to the charged offense. *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). As the party seeking admission of the evidence, the government bears the burden of showing that the other-act evidence meets these four criteria. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004); *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998); *United States v. Conners*, 825 F.2d 1384, 1390 (9th Cir. 1987). To do so, "the government 'must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)); see also Weinstein's Federal Evidence, § 404.23[5][b] (2d ed. 2006) ("The court should require the proponent of the evidence to identify the specific purpose for which the evidence is offered. If, as commonly happens, it is unclear why the evidence is being offered, the trial judge should not hesitate to press counsel to provide a clear explanation at sidebar.") (footnote omitted)).

The Ninth Circuit repeatedly has noted that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also Mayans*, 17 F.3d at 1181 (noting that

the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

Because of the danger that the jury will be swayed to convict a defendant based upon such conduct, the Ninth Circuit has mandated that "the use of such evidence must be narrowly circumscribed and limited." *United States v. Bailleux*, 685 F.2d 1105, 1009 (9th Cir. 1982); *see also United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (no error in admitting other-act evidence because it was limited "to correspond with the issue to which it was relevant"). Admission of other-acts evidence generally is disfavored. *See Mayans*, 17 F.3d at 1181 ("[E]xtrinsic acts evidence is not looked upon with favor.").

Here, Mr. Chamberlain's purchase of nicotine in June of 2013 is not probative of any fact of consequence in this case. The government claims that Mr. Chamberlain's purchase of nicotine is admissible to show "the defendant's ability to acquire toxins on the 'dark web'" as well as his identity as the person who ordered abrin from the BMR website. (Gov't. Mot. In Lim., p. 6). There is no dispute regarding Mr. Chamberlain's ability to order products on line. Nor is it disputed that he ordered the abrin at issue in this case. The other acts evidence would thus only serve to tarnish Mr. Chamberlain's character.

Additionally, even where the relevance of Rule 404(b) evidence is shown, "the evidence is admissible only after the government demonstrates to the trial court that, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Here, even if the evidence proffered by the government were relevant for a proper Rule 404(b) purpose, the government could not carry its burden of showing that the evidence is more probative than prejudicial.

Mr. Chamberlain's purchase of abrin is sufficient evidence that he knows how to order items on line from BMR. Allowing the government to show that he also ordered nicotine would only serve to draw the focus away from the legitimate facts in dispute and towards prejudicial, inflammatory questions about the nature of Mr. Chamberlain's character and his purported "bad"

behavior – matters completely unrelated to the facts at issue. *See United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (concluding that Rule 404(b) evidence as to the defendant's prior drug use with a co-conspirator was admitted in violation of Rule 403 because the danger that the jury would view this as evidence that defendant was thus more likely to participate in a drug transaction far outweighed any arguable utility in providing a logical connection between the two conspirators); *United States v. Brooke*, 4 F.3d 1480, 1486 (9th Cir. 1993) (determining that although Rule 404(b) evidence of defendant's feigned accounts of having cancer had some probative value, this was outweighed by the great danger of provoking an emotional response from the jury). Weighing the weak probative value of this evidence against its undeniably prejudicial nature, it is clear that the government has failed to meet its burden under Rule 403, and thus the Court should exclude its admission on that basis.

**CONCLUSION**

The Court should exclude the aforementioned evidence item and testimony for the reasons stated herein.

Date: January 21, 2016

Respectfully submitted,

/S/

ELIZABETH M. FALK
ELLEN V. LEONIDA
Assistant Federal Public Defenders

*US v. Chamberlain*, Case No. 14-0316 VC;
Def.'s Response to Government Motions *in Limine*                    7