BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
ADAM WRIGHT (MABN 661283)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7368
    Fax: (415) 436-6982
    E-mail: adam.wright@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 14-CR-316 VC |
| Plaintiff, | **GOVERNMENT'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE** |
| v. | Pretrial: February 1, 2016 |
| RYAN KELLY CHAMBERLAIN II, | Time: 1:30 p.m.<br>Court: Hon. Vincent Chhabria |
| Defendant. | |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT .........................................................................................................................2

   A.   The Court Should Admit "Other Act" Evidence .........................................................2

      1.   The Government Provided Reasonable Notice ....................................................2

      2.   The Evidence is Admissible .................................................................................3

         a.   The Contents of the Apartment are Intrinsic Evidence ...............................4

         b.   The Contents of the Apartment Satisfy Rule 404(b) ...................................6

         c.   The Risk of Unfair Prejudice is Minimal .....................................................7

   B.   Government Witnesses should not be "Designated" as Defense Witnesses ........................8

   C.   Fact Witnesses may be Excluded from the Courtroom ........................................8

   D.   Restrictions on Fact Witnesses are Appropriate ................................................8

   E.   The Defense Investigator may be Exempted .....................................................9

III. CONCLUSION .....................................................................................................................9

## I. INTRODUCTION

The government hereby responds to the Defendant's Motion in Limine. (Docket No. 158.) In this filing, the defendant moves to: (1) to exclude evidence of other acts; (2) designate all government witnesses as under defense subpoena unless released; (3) exclude witnesses from the courtroom; (4) order witnesses not to read trial transcripts or discuss their testimony with anyone other than counsel; and (5) exempt the defense investigator from witness exclusion orders. (*Id.*)

The government opposes the defendant's first motion, which appears to be a blanket effort to exclude all evidence of other acts. This motion should be rejected for two reasons. First, the government has provided adequate notice regarding potential Rule 404(b) evidence. Within the deadline set by the Court, the government notified the defense regarding its intent to introduce evidence and photographs from the apartment, as well as evidence regarding the defendant's purchases over the dark web. The government has also provided extensive discovery regarding these subjects, most of which was produced in June 2014. Second, the evidence from the defendant's apartment is admissible.[1] This evidence is inextricably intertwined with the charges in the case; it constitutes proof of intent, preparation, plan, knowledge, and identity; and it does not risk undue prejudice.

The government believes that the other concerns raised by the defendant's motion may be accommodated within reasonable limits as discussed further below. The government objects to "designating" all government witnesses as subject to defense subpoena, but the government is willing to work with the defense to provide contact information and preview the witness schedule. The government has no objection to instructing fact witnesses not to read trial transcripts or excluding fact witnesses from trial proceedings. The government agrees that the defense investigator should be omitted from any witness exclusion orders, in a similar fashion to the two case agents from the Federal Bureau of Investigation. /

/ / /

/ / /

---

[1] The basis to admit the defendant's pattern of purchases over the dark web has previously been addressed in the government's motion in limine. (Docket No. 162.) As a result, this motion will focus on the basis to admit evidence from the search of the defendant's apartment.

RESPONSE TO DEF.'S MOTION IN LIMINE
14-CR-316 VC                                                  1

## II. ARGUMENT

### A. The Court Should Admit "Other Act" Evidence

The defendant seeks to exclude all "other acts" evidence proffered by the government. The defendant argues that "other acts" evidence should be excluded because "the notice provided by the government . . . fails to articulate any theory by which the other acts evidence would be relevant." (Def's. Motion at 4.) This claim fails because the government has provided adequate notice, and the evidence is plainly admissible.

#### 1. The Government Provided Reasonable Notice

Rule 404(b) requires that, on the request of a defendant in a criminal case, the government must "(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." FRE 404(b)(2). "The notice requirement of Federal Rule of Evidence 404(b) is not stringent. The notice may be general." *United States v. Johnson*, 44 Fed. Appx. 752, 756, 2002 WL 1334758, at *3 (9th Cir. June 14, 2002); *see also* FRE 404(b) advisory committee's note, 1991 Amendment (noting that Rule 404 "opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts"). The purpose of this regime is clear: "[r]easonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1152 (9th Cir. 1999).

There is no surprise here. On November 1, 2015, the government provided notice of its intent to introduce four categories of evidence regarding the defendant's "other acts": (1) evidence acquired from the searches in this case; (2) photographs taken during the searches in this case; (3) evidence regarding the defendant's purchase of nicotine from a vendor on Black Market Reloaded ("BMR"); and (4) records relating to the defendant's other BMR purchases. (*See* Def's. Motion at 3-4 (quoting letter from government). The government's notice complied with the deadline imposed by the Court, and it was therefore timely. Since the government's letter, defense counsel did not inquire or complain regarding the nature of this disclosure until the filing of the Defendant's Motions in Limine.

The reason for this silence is plain: the government produced almost all of the evidence regarding these topics long before November 1, 2015. Indeed, the government produced evidence

1  regarding the contents of the apartment and the defendant's BMR purchases at the outset of the case.
2  The initial search warrant affidavit, which was produced in June 2014, described the circumstances of
3  the defendant's purchase of nicotine on BMR.  The initial complaint, which was filed while the
4  defendant was still at large in early June 2014, described evidence found in the defendant's apartment.
5  The photographs of the search of the defendant's apartment were produced in June 2014.  The
6  government made many of the physical objections available during an evidence view in July 2014.
7  Additional evidence regarding the seller of nicotine was produced in September 2014.

8  Since that time, the government produced additional discovery regarding the defendant's other
9  BMR purchases as part of providing over 18,000 Bates-labeled items.  As part of this production, the
10 government has given the defendant numerous summaries of the items obtained from the apartment,
11 reports regarding his BMR purchases, and information regarding witnesses who will testify as to the his
12 BMR purchases.  This is hardly a case in which the government failed to provide timely or adequate
13 disclosures.[2]  Rather, the government provided ample discovery – most of it occurring at the outset of
14 the case – and written disclosure that constitute reasonable notice under Rule 404(b).

### 2. The Evidence is Admissible

16 As described in the notice, the government intends to seek to admit "other acts" evidence in two
17 broad categories: (1) evidence and photographs acquired from the searches of the defendant's apartment
18 and (2) evidence regarding the defendant's BMR purchases.[3]  Although the defendant fails to specify
19 any particular items or photographs he seeks to exclude, the search of the defendant's apartment in May
20 31, 2014 yielded a large number of items. The Third Superseding Indictment charges the defendant with
21 possessing a large number of this items: a radio-controlled improvised explosive device ("IED")
22 containing screws and ball bearing shrapnel (Count One); a concealable handgun with the serial

---

[2] *See, e.g., Vega*, 188 F.3d at (lack of disclosure of prior border crossings and bank records improper because, "[i]nstead of giving [the defendant] notice . . . the government lay in wait and sprung the 'other acts' evidence on her in its so-called rebuttal case"); *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) (inadequate disclosure because government provided only "information of the crudest sort—the mere fact that [defendant] had allegedly made prior drug deals with the co-defendants" without any details sufficient to evaluate the information).

[3] As noted above, the government's motion in limine previously addressed the admissibility of the latter category relating to the defendant's purchases on BMR. (Docket No. 162.)  As a result, this response focuses focuses on the evidence and photographs from the defendant's apartment.

RESPONSE TO DEF.'S MOTION IN LIMINE
14-CR-316 VC                        3

numbers removed (Count Two); vials containing abrin (Counts Three and Four); castor beans commonly used in the production of ricin (Count Five); and sodium cyanide (Count Six).

In addition to these items, law enforcement found numerous other relevant items in the defendant's one-bedroom apartment.  For example, agents found 42 rounds of ammunition matching the concealable handgun, along with screws, a rocket motor, green-tip matches, and wiring similar to the items found in the IED.  Agents also found a clothespin switch attached to a nine volt battery via alligator clips and wires; a bag of clothespins and alligator clips; a safety mask; a syringe containing a combination of MDMA, Zolpidem, and alcohol; six to eight ounces of Gamma Butyrolactone (GBL), which chemically analogous to Gamma Hydroxybutyric Acid (GHB), a common date rape drug; chloroform; several "Pneu-Dart" syringes designed with a stated purpose of providing "effective and reliable remote drug delivery" to "capture or medicate without harming animals" from a distance; and various documents with the defendant's name on them.

Such items from the apartment are admissible for two independent reasons.  First, they are inextricably intertwined with the charges in this case.  Second, even if these items fall under Rule 404(b), they constitute proof of intent, preparation, plan, knowledge, and identity.  Each basis for admissibility is addressed below.

### a. The Contents of the Apartment are Intrinsic Evidence

Evidence of uncharged conduct is admissible without regard to Rule 404(b) where it is inextricably intertwined with the charged conduct.  There are two categories of such intrinsic evidence.  "First, evidence of prior acts may be admitted if the evidence constitutes a part of the transaction that serves as the basis for the criminal charge.  Second, prior act evidence may be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (internal quotations omitted).  Both categories apply here.

#### (i) The evidence is part of the same criminal episode

First, the contents of the apartment are part of the transaction that serves as the basis for the criminal charge.  "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is indicted for less than

1  all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993).  The policy
2  underlying Rule 404(b) should not apply here, either, just because the defendant is charged with less
3  than all of his possessions.  Rather, the government should be able to present evidence of other relevant
4  items found in the apartment; these items are not "other acts" simply because they are not charged.
5      The various items in the apartment are part of the same criminal episode in several ways.  For
6  example, many of the items in the apartment are directly connected to the charged items.  The fact that
7  the defendant possessed tools and materials necessary to create an IED is relevant to proving that he
8  knowingly possessed a destructive device, as charged in Count One.  The IED in Count One contained
9  shrapnel in the form of drywall screws, and the government should be allowed to introduce evidence
10 that a box of drywall screws was found in the same apartment.  The government should also be able to
11 introduce evidence of the tools necessary to make an IED – such as green-tipped matches, a sautering
12 iron, wiring, butterfly clips, a rocket motor, and batteries – as proof that the defendant knowingly
13 possessed the destructive device charged in Count One.  Such "evidence is not being presented to prove
14 the character of a person in order to show action in conformity therewith.  Instead, the evidence is direct
15 evidence, used to flesh out the circumstances surround the crime which the defendant has been charged
16 thereby allowing the jury to make sense of the testimony in its proper context." *United States v.*
17 *Ramirez-Jiminez,* 967 F.2d 1321, 1327 (9th Cir. 1992) (affirming admission of evidence that defendant
18 lied to border patrol agents about his name and last border entry, when those lies occurred during the
19 time that he was engaged in the charged conduct of smuggling aliens).
20     The various items in the apartment are also connected as part of the same course of conduct.  For
21 example, the apartment contained a large number of chemicals or poisons, only some of which were
22 charged.  The defendant is charged with possessing abrin, cyanide, and castor means capable of creating
23 ricin.  The defendant also possessed a syringe containing MDMA and the sedative Zolpiden, as well as
24 the incapacitating agent GBL.  Possession of the uncharged items suggests knowing possession of the
25 charged items; proof of one is proof of the other, and both should be introduced as part of the same
26 criminal episode.  *See, e.g., Williams*, 989 F.2d at 1070 (allowing testimony regarding contemporaneous
27 sales of methamphetamine and cocaine, even though the methamphetamine sales were not charged,
28 "because they were linked to an essentially part of the same conduct").

RESPONSE TO DEF.'S MOTION IN LIMINE
14-CR-316 VC                                        5

### (ii) The evidence is necessary to provide a coherent story

The government should also be allowed to present a coherent story regarding the commission of the crime. "The jury cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995) (internal quotations omitted). The contents of the apartment provide such a coherent story.

A key issue, for example, is likely to be the defendant's intent in possessing the variety of illegal items found in the apartment. Count Three requires proof that the defendant possessed abrin "for use as a weapon." 18 U.S.C. § 175(a). Count Four requires proof that the possession of abrin "could not be reasonably justified by a preventative, protective, bona fide research, or other peaceful purpose." 18 U.S.C. § 175(b). Count Five requires proof that the defendant intended to knowingly develop ricin "for use as a weapon" and that he had taken a "substantial step" towards doing so. 18 U.S.C. § 175(a). Count Six requires proof that the defendant possessed sodium cyanide "for something other than a peaceful or protective purpose." 18 U.S.C. § 229(a)(1).

The contents of the apartment enable the government to explain the circumstances of the charge and the intent of the defendant. For example, the apartment contained not only various lethal chemicals but also the means to deliver them, such as a dart-like syringes designed for "remote drug delivery." Similarly, the defendant possessed a clothespin switch attached to a battery through alligator clips and wires, a common tool in assembling IEDs and booby traps. Similarly, the abrin was found in an ammunition box that also contained items to create an IED, such as a spool of wire, mason jar, and wire cutters. Presenting such evidence is essential to explaining that the defendant not only possessed the charge items, but that he also intended to use these items as weapons and not for a peaceful purpose.

### b. The Contents of the Apartment Satisfy Rule 404(b)

Rule 404(b) prohibits the introduction of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, it permits such evidence for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) has long been understood as "a rule of inclusion – not exclusion." *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2009).

1  "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it
2  was with ensuring that restrictions would not be placed on the admission of such evidence." *Huddleston*
3  *v. United States*, 485 U.S. 681, 685, 688-689 (1988).  "Unless the evidence of other acts only tends to
4  prove propensity, it is admissible." *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).

5  The Ninth Circuit admits evidence under Rule 404(b) if: "(1) the evidence tends to prove a
6  material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a
7  finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at
8  issue) the act is similar to the offense charged." *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th
9  Cir. 2004).  The court must then consider whether the evidence clears the threshold of Rule 403, which
10 excludes relevant evidence when its probative value is substantially outweighed by the danger of unfair
11 prejudice and other considerations.  *Id.*

12 The contents of the apartment satisfy the test of Rule 404(b).  They help prove that the defendant
13 was assembling an arsenal for non-peaceful purposes.  The proximity of the IED, ammunition, chemical,
14 toxin, and drug evidence demonstrate that the individual who possessed the gun and IED also possessed
15 the other evidence and vice-versa.  Documents with the defendant's name found in the apartment
16 suggest that he resided there and possessed the other items in the apartment.  This evidence was found at
17 the same time and the same place as the charged items.  The evidence is sufficient to support a finding
18 that the defendant committed the other act.  If these items do fall under Rule 404(b), they clearly meet
19 the standards necessary for admission under Rule 404(b).

20                **c.    The Risk of Unfair Prejudice is Minimal**

21 A court may exclude relevant evidence under Rule 403 "if its probative value is substantially
22 outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
23 considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  There is
24 no such concern here.  When the defendant is charged with manufacturing a lethal bomb loaded with
25 shrapnel, the introduction of tools or clothespins is not unduly inflammatory.  Similarly, when the
26 defendant is charged with possessing among the most lethal toxins on the planet, it is not unduly
27 inflammatory to introduce evidence of syringes, darts, or other incapacitating chemicals.
28 / / /

### B. Government Witnesses should not be "Designated" as Defense Witnesses

The defendant's second request is that the Court "designate all government witnesses as under defense subpoena unless released." (Def's. Motion at 4.) The government is willing to work with the defense to avoid circumstances where a subpoenaed government witness is released, even though the defendant would also like to secure their testimony. This can be accomplished through the government providing its witness list, which it has already; providing contact information for witnesses, where it is known; and also disclosing the order of the government's witnesses in advance.

The defendant's motion, however, appears to create two issues. First, it appears over-broad. The defense has not disclosed its witness list, but it is hard to imagine that the defendant intends to call all of the same witnesses as the government. To deem all such witnesses "as under defense subpoena for the duration of the trial" (Def's. Motion at 5) is unduly burdensome on such witnesses. Second, this proposal risks turning the government into an agent of process for the defense. For example, government may chose not to subpoena individuals on its witness list. Under the defendant's proposal, the defense might complain that the government's witnesses had been "released" even though they had never been served. The government submits that there are more workable ways to address the defendant's concerns.

### C. Fact Witnesses may be Excluded from the Courtroom

The defendant's third request is that "government witnesses must be excluded from all trial proceedings." (Def's. Motion at 5.) The government has no objection to excluding fact witnesses, as long as this includes witnesses called by the government and the defense. The one exception is that the two FBI case agents, who are likely to be fact witnesses, should be allowed to present in the courtroom throughout the proceeding. *See United States v. Valencia-Riascos*, 696 F.3d 938, 941 (9th Cir. 2012) (explaining that case agents are allowed to present under Federal Rule of Evidence 615).

### D. Restrictions on Fact Witnesses are Appropriate

The defendant's fourth request is that witnesses be ordered not to read trial transcripts or discuss their testimony with anyone other than counsel. (Def's. Motion at 7.) It is already the government's practice to direct fact witnesses not to discuss the substance of their testimony with each other. The government would ask, of course, that any such order be applied to witnesses called by both parties.

RESPONSE TO DEF.'S MOTION IN LIMINE
14-CR-316 VC                                      8

### E. The Defense Investigator may be Exempted

The government does not object to the defendant's fifth motion, which is to exempt the defense investigator from witness exclusion orders. (Def.'s. Motion at 8-9.) Similar to the third request above, the government believes that any such exemption should apply to the government's case agents, who play a similar role as the defense investigator. *See* Fed. R. Ev. 615, Advisory Committee Note (1974) (stating that "the investigative agent's presence may be extremely important to government counsel,e specially when the case is complex and involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty").

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's first and second requests and address the concerns raised in the third, fourth, and fifth requests as set forth above.

DATED: January 21, 2016

Respectfully Submitted,

BRIAN J. STRETCH
Acting United States Attorney

      /s/
PHILIP J. KEARNEY
ADAM WRIGHT
Assistant United States Attorneys